THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN McCUTCHEON, Defendant-Appellant.

(No. 12382; )

Fourth District—May 22, 1975.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, John McCutcheon, appeals from his conviction pursuant to a negotiated guilty plea for the crime of attempted rape and from a sentence imposed of 2 to 6 years' imprisonment. Defendant raises the following issues before the court: (1) Whether the trial court erred in accepting defendant's guilty plea without informing him of or taking a waiver of indictment, (2) Whether the trial court erred in accepting defendant's guilty plea without determining that defendant understood the nature of the charge, and (3) Whether the trial court erred in accepting defendant's guilty plea without ascertaining that there was a factual basis for the plea.

On May 29, 1973, an information was filed charging defendant with the offense of indecent liberties with a child. On July 17, 1973, the defendant appeared in court with counsel to enter a negotiated plea of guilty to an amended information charging him with the offense of attempted rape in return for the State's recommendation of a 2- to 6-year sentence. The State presented the plea agreement in open court. Upon questioning by the court defendant indicated that he understood that he has the right to persist in his plea of not guilty and that if he pleaded

guilty, there would not be a trial of any kind. The defendant stated that no promises or threats, apart from the plea agreement, had been made to him, and that the plea agreement was voluntary. Defendant further stated that he was going along with the plea agreement because he was, in fact, guilty. The State then indicated that it would call the complaining witness and that her testimony would substantiate the allegations of the charge. The defendant did not object to this statement. It was indicated by the State that the penalty for attempted rape is 1 to 10 years' imprisonment. The court then approved the plea agreement and entered judgment on the plea.

Article I, section 7 of the 1970 Illinois Constitution provides that, "No person shall be held to answer for a criminal offense unless on indictment of a grand jury * * *." Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 401.) states as follows:

> "Any waiver of indictment shall be in open court. The court shall not permit a waiver of indictment by a person accused of a crime punishable by imprisonment in the penitentiary unless he is represented by counsel or has waived counsel as provided in paragraph (a) of this rule and unless the court, by addressing the defendant personally in open court, has informed him of and determined that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he can be prosecuted for the offense only after indictment by a grand jury unless he waives indictment.
>
> Prosecution may proceed by information or complaint after waiver of indictment by the defendant if the State expressly concurs in the waiver in open court."

Our reading of the record in the instant case indicates that defendant was not informed of his right to a grand jury indictment and did not waive that right in open court. This complete failure by the trial court to comply with Rule 401(b) or to take a waiver of indictment in any fashion clearly necessitates reversal and remandment. Since this issue is dispositive, we deem it unnecessary to resolve the remaining issues.

Accordingly, for the reasons stated above the judgment of the circuit court of Livingston County is reversed and the cause remanded with directions to permit defendant to plead anew.

Reversed and remanded with directions.

TRAPP and CRAVEN, JJ., concur.